UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROBERTO R. VARGAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-42 |
| | § | |
| CITY OF MCALLEN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the "Rule 12 Motion to Dismiss or Alternatively, Rule 12(E) Motion for More Definite Statement and Motion for a Rule 7 and Rule 8 Reply,[1]" filed by the City of McAllen, Texas and Fire Chief Rafael Balderas (collectively, "Defendants"). Plaintiff has timely responded,[2] and Defendants replied.[3] After considering the motion, responsive filings, record, and relevant authority, the Court **GRANTS** the motion.

### I. Background

On January 28, 2015, Plaintiff, a firefighter and employee of the City of McAllen Fire Department, filed this employment discrimination suit against Defendants pursuant to Chapter 21 of the Texas Labor Code ("Texas Commission on Human Rights Act" or "Chapter 21") and 42 U.S.C. § 1983.[4] In his complaint, Plaintiff makes various allegations of incidents of "harassment," "hazing," "retaliatory behaviors" and "hostile work environment" during the years of 2005 to 2010, and alleges these events amount to a cause of action under Chapter 21.[5] He

---

[1] Dkt. No. 8 ("Motion").
[2] Dkt. No. 9 ("Response").
[3] Dkt. No. 12 ("Reply").
[4] Dkt. No. 1 ("Complaint").
[5] *Id.* at ¶¶ 7-14.

then addresses two instances when he was terminated, describing "deficiencies" in the two administrative proceedings that resulted.

Plaintiff was first terminated in 2011 and later reinstated in 2012. Specifically, Plaintiff claims that on October 31, 2010, he witnessed an incident whereby a co-worker caused minor damage to a work engine, but Lieutenant Marco Reyes admonished Plaintiff not to report the incident.[6] After Plaintiff admitted knowledge of this incident during an interview with Deputy Chief Ramon Rodriguez, he was placed on administrative leave "without a thorough/complete investigation," and later, on January 18, 2011, terminated by the City of McAllen Fire Department.[7] Plaintiff appealed his termination and was provided with a hearing before an independent hearing examiner.[8] The hearing examiner overturned his termination, finding a 10-day suspension was the more appropriate cause of action.[9] Plaintiff then appealed to the 139th Judicial District Court in Hidalgo County, Texas, resulting in his reinstatement as of January 13, 2012.[10]

The second and more recent disciplinary action took place in 2013. Plaintiff claims that in September 2012, Defendants granted his request for a leave of absence from September 17, 2012 to October 14, 2012 in order to recover from an off-duty injury.[11] A few months later, on March 25, 2013, Fire Chief Rafael Balderas provided Plaintiff with a Notice of Complaint, where it was alleged that Plaintiff had performed work for another employer during this leave-of-absence period.[12] Subsequently, on March 27, 2013, Chief Balderas provided Plaintiff with

---

[6] *Id*. at ¶¶ 16-17.
[7] *Id*. at ¶¶ 18-19.
[8] *Id*. at ¶ 19.
[9] *Id*.
[10] *Id*. at ¶ 20.
[11] *Id*. at ¶¶ 21-22.
[12] *Id*. at ¶¶ 24-25.

notice of a hearing concerning this matter to be held on March 29, 2013.[13] Plaintiff's request for an extension of time to secure legal representation was allegedly denied,[14] but Plaintiff appeared at the hearing accompanied by union representatives.[15] Plaintiff alleges that during the hearing, Chief Balderas "ordered Plaintiff to talk," was "hostile," and "lacked good faith."[16] A few days after the hearing, on April 3, 2013, Chief Balderas suspended Plaintiff indefinitely, and Plaintiff appealed the decision to an independent hearing examiner.[17] The hearing examiner denied in part and sustained in part the appeal, finding that Defendants "had cause to discipline Plaintiff for the alleged fraudulent use of sick leave [but] improperly relied on a prior disciplinary action to support termination [and] denied Plaintiff due process rights during the investigation."[18] The hearing examiner in turn proposed a five-day suspension instead of termination, and Plaintiff was reinstated effective October 28, 2013.[19] These administrative proceedings form the basis of Plaintiff's claim under Section 1983; namely, Plaintiff contends Defendants "denied [him] substantive and procedural due process in violation of the Fifth and/or Fourteenth Amendments to the Constitution by arbitrary and capricious actions . . . ."[20]

Lastly, Plaintiff mentions two brief incidents in late 2013 and early 2014. Specifically, he claims that in December 2013, Chief Balderas "required [him] to work several shifts to allegedly repay the [C]ity for shifts where Plaintiff allegedly did not complete trades," and in April 2014, "Chief Balderas stated that 'the only reason [Plaintiff] is here is because the District Attorney dropped the ball' with regards to Plaintiff's 2008 on-the-job injury leave, a patently

---

[13] *Id.* at ¶ 27.
[14] *Id.*
[15] *Id.* at ¶ 28.
[16] *Id.* at ¶ 29.
[17] *Id.* at ¶¶ 29-30.
[18] *Id.* at ¶ 30.
[19] *Id.*
[20] *Id.* at ¶ 41b.

false statement."[21]  In the instant motion, Defendants request that the Court dismiss Plaintiff's claims in their entirety or, alternatively, that Plaintiff be required to re-plead his complaint.

## II.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss Plaintiff's complaint if it fails to state a claim upon which relief can be granted.[22]  To survive a 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[23]  This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[24]  The Court regards all such well-pleaded facts as true and views them in the light most favorable to the plaintiff.[25]  Considered in that manner, factual allegations must raise a right of relief above the speculative level.[26]

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[27] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[28]  The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[29]  The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[30]

---

[21] *Id*. at ¶ 32.
[22] FED. R. CIV. P. 12(b)(6).
[23] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).
[24] *Twombly*, 550 U.S. at 555.
[25] *Id*.
[26] *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).
[27] 556 U.S. 662 (2009).
[28] *See id*. at 678-679.
[29] *See id*. at 679-680.
[30] *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

### III.   Discussion

As an initial matter, the Court notes that in his response, Plaintiff does not at all address the Chapter 21 claims.  Plaintiff instead responds to Defendants' request for dismissal by alleging that pursuant to Section 1983, he is entitled to "additional damages" suffered as a result of Defendants' failure to provide adequate substantive and procedural due process, despite his reinstatement in the previous administrative proceedings.[31]  Pursuant to Local Rule 7.4, the Court construes Plaintiff's failure to respond to Defendants' request for dismissal of the Chapter 21 claims as a representation of no opposition.

#### A.  *Chapter 21*

Upon review of the complaint and Defendants' motion, it is clear to the Court that Plaintiff has failed to allege any viable claim for discrimination under Chapter 21 of the Texas Labor Code.  In an effort to correlate state law with federal law in the area of employment discrimination,[32] the Texas Legislature enacted Chapter 21, also referred to as the Texas Commission on Human Rights Act, which provides employees with a right to relief for unlawful employment practices on the basis of "race, color, disability, religion, sex, national origin, or age."[33]  To establish a prima facie case of discrimination under the Act, an aggrieved party must show that: (1) he was a member of a protected class, (2) he suffered an adverse employment action, and (3) non-protected class employees were not treated similarly.[34]  The Act also makes it unlawful for an employer to retaliate or discriminate against a person who opposed a discriminatory practice, made or filed a charge or complaint, or participated in an investigation

---

[31] *See* Response at p. 3.
[32] *See* Tex. Labor Code Ann. § 21.001(1) ("The general purposes of this chapter are to: (1) provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments . . . .").
[33] *Id.* § 21.051.
[34] *Chandler v. CSC Applied Technologies, LLC*, 376 S.W.3d 802, 814 (Tex. App.—Houston [1st Dist. 2012, pet. denied).

or proceeding.[35]  To make a prima facie showing of retaliation, a plaintiff must similarly establish that (1) he engaged in one of these protected activities, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse action.[36]

Here, none of the lengthy factual allegations raise a plausible right to relief under Chapter 21, a finding Plaintiff has not bothered to address, let alone dispute, in his response.  Plaintiff makes numerous claims of "hazing," "harassment," "retaliatory behaviors," and "hostile work environment."  Hostile work environment generally entails ongoing harassment, based on the plaintiff's protected characteristic, so sufficiently severe or pervasive that it has altered the plaintiff's terms or conditions of employment.[37]  Here, however, Plaintiff has not even sufficiently claimed one single isolated incident of discrimination on any protected ground.  By way of example, Plaintiff asserts that in 2006, a co-worker once left a work station without Plaintiff, which amounted to "an incident of hazing,"[38] and in 2008, his reputation was "tarnished" when the City refused to reimburse him for certain academic coursework.[39]  These isolated events, devoid of any allegations of protected activity or status and not implicating similarly situated employees, adverse employment actions, or impairment in Plaintiff's terms or conditions of employment, clearly fail under federal pleading standards.

As Defendants note, Plaintiff briefly mentions "age" and "disability" on three occasions.  Specifically, he claims that during recruit school in 2005, he was "hazed and intentionally stuck in the face" by an unnamed individual and endured a hostile work environment "in the form of

---

[35] Tex. Labor Code Ann. § 21.055.
[36] *Hernandez v. Grey Wolf Drilling, L.P.*, 350 S.W.3d 281, 286 (Tex. App.—San Antonio 2011, no pet.) (internal citation omitted).
[37] *See City of Houston v. Fletcher*, 166 S.W.3d 479, 489 (Tex. App.—Eastland 2005, pet. denied); *Paul v. Northrop Grumman Ship Sys.*, 309 F. App'x 825, 827 (5th Cir. 2009).
[38] It borders on the frivolous to claim that being left at the fire station constitutes "hazing," which is generally defined as being forced to perform strenuous, humiliating, or dangerous tasks.
[39] *Id.* at ¶¶ 8, 12.

questions to his fitness" due to his age.[40] He also claims he suffered discrimination because "Captain Hernandez stated in a memo that he perceived that the Plaintiff is disabled because of the need for counseling was [sic] imposing inconvenient accommodation,"[41] and in 2010, his wife was diagnosed with cervical cancer, which "creat[ed] more stress and ill will among certain members of the Department."[42] This is the closest Plaintiff comes to a discrimination claim based on disability.

However, the Court reiterates that these vague and conclusory allegations do not sufficiently state a claim under the Act. Again, Plaintiff does not sufficiently allege that he belonged to any of these protected groups, or that non-protected similarly situated individuals were treated differently. For workplace comments to evidence discrimination, they "must be (1) related to plaintiff's protected class, (2) proximate in time to the adverse employment decision, (3) made by an individual with authority over the employment decision at issue, and (4) related to the employment decision at issue."[43] Here, Plaintiff has even failed to allege his age, or that he was a disabled firefighter at the time Chief Balderas issued the memo, and there is no allegation of temporal proximity to any adverse employment action or indication that Plaintiff's terms or conditions of employment were affected. These vague and speculative allegations of discrimination due to "age" and "disability" simply do not give rise to a plausible entitlement of relief.

Perhaps more importantly, even if the Court found these allegations sufficient under federal pleading standards, Plaintiff has failed to properly plead that he exhausted the statutory prerequisites under the Act, and the limitations period to file suit before this Court has clearly

---

[40] *Id.* at ¶¶ 7, 36a.
[41] *Id.* at ¶ 36f (emphasis added).
[42] *Id.* at ¶ 15.
[43] *Elgaghil v. Tarrant Cnty. Junior Coll.*, 45 S.W.3d 133, 140 (Tex. App.--Fort Worth 2000, pet. denied).

lapsed for any of these isolated "discriminatory" incidents. Chapter 21 provides that "[a] person claiming to be aggrieved by an unlawful employment practice or the person's agent may file a complaint with the [Texas Workforce Commission]."[44] Such complaint "must be filed no later than the 180th day after the date of the alleged unlawful employment practice occurred."[45] There is a two-year statute of limitations to filing suit thereafter; Plaintiff may not file a civil action after "the second anniversary of the date the complaint relating to the action is filed."[46]

In this case, Plaintiff does not contest that a complaint was never filed with the Texas Workforce Commission. Further, the incidents "due to age" occurred approximately ten years ago, in 2005, and the disability statement by Captain Hernandez lacks a temporal allegation. Plaintiff's allegations concerning the appeals process in 2013 only involve his cause of action under Section 1983, and the two incidents that allegedly occurred in 2013 and early 2014 are entirely speculative and meritless. Specifically, his allegation that in December 2013 and April 2014, Chief Balderas "required [him] to work several shifts to allegedly repay the [C]ity for shifts where Plaintiff allegedly did not complete trades" and "stated that 'the only reason [Plaintiff] is here is because the District Attorney dropped the ball' with regards to Plaintiff's 2008 on-the-job injury leave" do not implicate any protected status or activity or similarly situated employees. More importantly, Plaintiff has failed to allege these incidents involved any adverse employment action, as they clearly took place after Plaintiff was reinstated in October 2013.

By virtue of his failure to respond, Plaintiff has not only failed to defend the factual sufficiency of these allegations, but does not even explain how any of these claims are

---

[44] Tex. Labor Code Ann. § 21.201(a).
[45] *Id*. § 21.202(a).
[46] *Id*. § 21.256.

procedurally proper before the Court. Based on these considerations, the Court finds dismissal of Plaintiff's claims is warranted. Plaintiff's Chapter 21 claims are therefore **DISMISSED**.

### B. Section 1983

The Court will now turn to the cause of action Plaintiff is truly concerned with: the alleged due process right to additional compensatory damages. "Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights."[47] Thus, to state a claim under Section 1983, a party must sufficiently plead (1) a violation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law.[48] Here, Plaintiff alleges Defendants violated his due process rights under the Fourteenth Amendment.[49]

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of life, liberty or property without due process or due course of law.[50] To prevail on a due process claim in the public employment context, a plaintiff must first show that he had a cognizable property interest in his continued employment.[51] Where the plaintiff does not possess a property right, no process is due.[52] Property interests are not created by the Constitution or incidental to public employment; instead, they derive from "state statute, local ordinance or rule, written contract, or mutually explicit understanding enforceable under state law as an implied contract."[53] Ultimately, whether a property interest exists must be determined by reference to

---

[47] *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).
[48] *Resident Council of Allen Parkway Vill. V. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir. 1993) (citing *West v. Atkins,* 487 U.S. 42, 48 (1998)).
[49] Complaint at ¶ 41.
[50] *Richards v. City of Weatherford*, 145 F. Supp. 2d 786, 789 (N. D. Tex.) *aff'd,* 275 F.3d 46 (5th Cir. 2001).
[51] *See Garcia v. Reeves Cnty., Tex.*, 32 F.3d 200, 203 (5th Cir. 1994) (citing *Bishop v. Wood*, 426 U.S. 341 (1976)).
[52] *Rodriguez v. City of La Villa Tex.*, No. 7:13-CV-400, 2014 WL 1600306, at *2 (S.D. Tex. Apr. 21, 2014).
[53] *Strother v. Columbia-Brazoria Indep. Sch. Dist.*, 839 F. Supp. 459, 461 (S.D. Tex. 1993) *aff'd,* 32 F.3d 565 (5th Cir. 1994); *Muncy v. City of Dallas, Tex.*, 335 F.3d 394, 398 (5th Cir. 2003).

Texas state law.[54]  In Texas, an employment relationship is presumed to be at-will unless that relationship has been expressly altered by contract or rules or policies limiting the conditions under which the employee may be terminated.[55]  "The hallmark of a property interest 'is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'"[56]

Here, Plaintiff does not direct the Court to any contract, policy or rule from which an interest in continued employment might stem; however, Defendants do not dispute that Plaintiff has a property interest in his employment pursuant to the Texas Civil Service Act.[57]  This statute authorizes different types of suspensions by fire departments in municipalities with a population of less than 1.5 million, such as the City of McAllen,[58] but outlines administrative procedures by which covered firefighters can seek review of disciplinary actions through the Fire Fighters' Civil Service Commission or an independent third party hearing examiner.[59]  Even if a property right exists, however, Plaintiff's claims must fail, as he has failed to allege that he was deprived of his property right without due process of law.

Before it begins its analysis, the Court emphasizes that Plaintiff alleges that Defendants denied him substantive and procedural due process rights when Chief Balderas terminated him in April of 2013.[60]  There is no allegation that due process was denied as it concerns the 2011 termination, neither in Plaintiff's complaint nor in Plaintiff's response.  In any event, the Court notes that any allegation that Defendants failed to provide due process during the 2011 termination, a decision Plaintiff successfully appealed to a hearing examiner and the 139th

---

[54] *Wells v. Hico Indep. Sch. Dist.*, 736 F.2d 243, 252 (5th Cir. 1984).
[55] *Muncy*, 335 F.3d at 398 (internal citations omitted).
[56] *Holden v. Knight*, 155 F. App'x 735, 739 (5th Cir. 2005) (internal citation omitted).
[57] *See* Motion at p. 6; Reply at p. 5 ("The Defendant does not dispute that Plaintiff had a protected property interest in employment to the extent such is granted by the Chapter 143 of the Texas Local Government Code . . . .").
[58] *See* Tex. Loc. Gov't Code Ann. §§ 143.051, 143.052(a) (West 1989).
[59] *Id.* §§ 143.051-.057.
[60] Complaint at ¶ 41.

Judicial District Court in Hidalgo County, appears to be procedurally barred,[61] and by Plaintiff's own recognition, he was fully reinstated as of January 13, 2012.[62]

*Procedural Due Process*

In their motion, Defendants contend that (1) Chapter 143 of the Texas Civil Service Act outlines all the due process to which Plaintiff is entitled, and (2) Plaintiff has "plead[ed] himself out of a due process claim" by asserting he was afforded these procedural protections under the Act *and* that "the due process resulted in the termination being overturned."[63] As recognized in this Circuit, procedural due process requires that an individual receive notice of a proposed action and an opportunity to present his side of the story.[64] Particularly in situations when an employee receives a full post-termination hearing, pre-termination due process is limited.[65] In such circumstances, the employer need only provide the employee with written or oral notice and afford the employee an opportunity to respond.[66] Any pre-termination hearing need not be elaborate, "for such a hearing is merely designed to prevent the employer from making a mistake [and] ensure that the charges raised against the employee are true and support his or her dismissal."[67] The Fifth Circuit has held that even a short, informal 30-minute meeting meets the minimum requirements of the Due Process Clause in such a case.[68]

In his complaint, Plaintiff expressly alleges that he received notice and a pre-termination hearing where he was provided an opportunity to present his version of the facts, and that he fully availed himself of appellate procedures under the Act before an impartial hearing examiner,

---

[61] *See Perez v. Laredo Junior Coll.*, 706 F.2d 731, 733 (5th Cir. 1983) (denoting two-year statute of limitations).
[62] Complaint at ¶ 20.
[63] Motion at p. 6.
[64] *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 151 (5th Cir. 1991).
[65] *Browning v. City of Odessa, Tex.*, 990 F.2d 842, 844 (5th Cir. 1993) (citing *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 546 (1985)).
[66] *Id.*
[67] *Id.*
[68] *Id.* at 845.

which resulted in his reinstatement effective October 28, 2013. The Court finds these procedures constitutionally sufficient, and Plaintiff's response does not inform the Court what additional process he believes he was entitled to.[69] Similarly in his complaint, Plaintiff failed to identify how any of the afforded procedures were inadequate, merely noting that Chief Balderas was "hostile" and "lacked good faith" and Defendants engaged in "arbitrary and capricious" actions.[70] The Court finds these allegations conclusory and contradicted by the facts alleged in Plaintiff's complaint, and the later avertment implicates substantive, rather than procedural, due process concerns. Thus, particularly in light of the extensive appellate review afforded to Plaintiff, the Court finds Plaintiff has failed to state a claim for a procedural due process violation and will proceed to analyze the substantive due process claim.

*Substantive Due Process*

An employee alleging a substantive due process violation must show that the termination of his employment was "arbitrary and capricious."[71] That is, he must demonstrate that regardless of the fairness of the procedures implemented by the employer, the decision to terminate him "was made without a rational connection between the known facts and the decision or between the found facts and the evidence."[72] Proving that the employer's action was arbitrary and capricious is "a high bar," requiring the plaintiff to prove that "the abuse of power . . . shocks the conscience."[73] An allegation that reasonable minds could disagree on the propriety of termination is insufficient.[74]

---

[69] *See* Response at pp. 3-5.
[70] Complaint at ¶¶ 29, 41b.
[71] *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993).
[72] *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 631 (5th Cir. 2011) (internal quotation marks and citations omitted).
[73] *Wilson v. Coll. of the Mainland*, 476 F. App'x 758, 761 (5th Cir. 2012) (citing *Lewis*, 665 F.3d at 631).
[74] *Lewis*, 665 F.3d at 631.

Here, Plaintiff claims that Defendants acted arbitrarily and capriciously by "[1] improperly relying on a prior disciplinary action to support the termination, [2] failing to give the Plaintiff proper notice of potential disciplinary actions and placing allegations, [3] treating the Plaintiff differently than similarly situated [f]irefighters and [4] placing documentation in Plaintiffs 'G' file that have been utilized to impact [P]laintiff's career opportunities without disclosing to [] Plaintiff."[75] These contentions are too conclusory and speculative and therefore not entitled to the assumption of truth; however, even if considered, they are not so arbitrary and capricious as to shock the conscience. Furthermore, the Court has already found the second argument without merit. In any event, Plaintiff expressly pleaded that the hearing examiner found he engaged in misconduct, and Defendants had cause to discipline Plaintiff for the alleged fraudulent use of sick leave.[76] Further, Plaintiff does not allege ever denying working as a substitute school nurse during the relevant period of time or presenting any information to the contrary; instead, he only claims that he submitted documentation to Chief Balderas from his treating physician indicating that Plaintiff was restricted from working as a firefighter during the period he requested leave, but was allowed to perform less demanding work.[77] In light of this information, the Court finds that Defendants' decision to terminate Plaintiff was not so irrational as to constitute abuse of power that shocks the conscience. Thus, Plaintiff's claim for violations of substantive due process must also fail.

## IV. Cautionary Note

It is worth noting that Plaintiff's response is entirely devoted to trying to convince the Court that he is entitled to obtain additional consequential damages because "Chapter 143 [of the

---

[75] Complaint at ¶ 41b.
[76] *Id.* ¶ 30.
[77] *Id.* at ¶ 26.

Texas Local Government Code] does not fully compensate for . . . Plaintiff's damages."[78] Chapter 143 permits a firefighter who is reinstated to recover economic damages resulting from his or her termination, including back-pay and loss of benefits.[79] It is undisputed that Plaintiff received these statutory remedies.[80] However, unsatisfied with the remedies afforded by the Texas Legislature, Plaintiff prays that this Court award him additional relief, pointing to "the continued harassment and retaliation, the loss of reputation and the mental and emotional distress" he allegedly suffered but failing to clarify the legal basis for this request.[81]

In support of this position, Plaintiff only relies on one case: *Memphis Community School District v. Stachura*, 447 U.S. 299 (1986). However, Plaintiff's characterization and reliance on *Stachura* is misguided. In that case, the Court of Appeals for the Sixth Circuit had affirmed the district court's finding that a tenured public school teacher's due process and First Amendment rights were violated when he was suspended by his employer.[82] The Supreme Court granted certiorari limiting its inquiry to the determination of whether the Court of Appeals erred in affirming the damages award.[83] Specifically, the question before the Supreme Court was whether Section 1983 authorizes an award of compensatory damages based on the factfinder's assessment of the value or importance of a substantive constitutional right.[84] Simply put, *Stachura* does not in any way support Plaintiff's claims that his due process rights were violated and, therefore, that Section 1983 permits him to recover additional compensatory damages aside from those afforded under Chapter 143.

---

[78] *See* Response at p. 3.
[79] Tex. Loc. Gov't Code Ann. § 143.053(f).
[80] *See* Response at p. 5 ("Plaintiff agrees that he was compensated for his direct economic damages . . . .").
[81] *Id.*
[82] *Id.* at 303.
[83] *Id.* at 304.
[84] *Id.* at 300.

As a final comment, the Court cautions Plaintiff's counsel that the presentation of Plaintiff's claims suggests that counsel was aware that the Chapter 21 claims are procedurally barred and not supported by law or fact, and that the claims under Section 1983 as alleged are not supported by *Stachura* or any non-frivolous argument. The Court reminds Plaintiff's counsel that, pursuant to Federal Rule of Civil Procedure 11, by signing the original pleading he certified that the factual contentions therein had evidentiary support, and that the claims are warranted by existing law or non-frivolous arguments for modifying existing law. Conduct in violation of Rule 11 is sanctionable.

The Court finds that, at a minimum, Plaintiff's perfunctory response fails to comply with the Federal and Local Rules and reflects counsel's disregard for his role as Plaintiff's zealous representative. By way of example, Plaintiff's response is devoid of any numbered paragraphs as required by Federal Rules 10(b) and 7(b)(2), fails to address half of Plaintiff's claims, does not incorporate a separate form order denying the relief sought as required by Local Rule 7.4, and cites to one single Supreme Court case to advance Plaintiff's position. The Court admonishes counsel that his performance is not worthy of an attorney practicing before the federal courts.

## V. Holding

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss in its entirety. A final judgment shall follow this order.

IT IS SO ORDERED.

DONE this 1st day of June, 2015, in McAllen, Texas.

                                               _____
                                               Micaela Alvarez
                                       UNITED STATES DISTRICT JUDGE